JO MOONYEEN HODGES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hodges v. Commissioner
Docket No. 19682-80.
United States Tax Court
T.C. Memo 1986-67; 1986 Tax Ct. Memo LEXIS 540; 51 T.C.M. (CCH) 468; T.C.M. (RIA) 86067; February 12, 1986. Larry A. Koch, for the *541 petitioner. Bruce K. Meneely, for the respondent. COHEN
SUPPLEMENTAL MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: In T.C. Memo. 1985-56, [1] we found that a 1976 income tax return executed by petitioner and her former husband was intended to be a joint return and was not the result of duress. After trial of the issue of duress but prior to release of our opinion on that issue, petitioner sought leave to amend her petition to allege that she was entitled to relief as an innocent spouse under section 6013(e), [2] as amended by section 424 of the Tax Reform Act of 1984, Pub. L. 98-369, 98 Stat. 494, 801-803. Because the cited legislation applies to all actions pending as of its effective date, we permitted the amendment as to the following adjustments in the statutory notice of deficiency disallowing expenses claimed with respect to a contract equipment sales business operated by petitioner's former spouse, Lloyd L. Hodges (Hodges): Item
Amount
Depreciation: Cadillac
$1,399.99
Oldsmobile
869.75
Pontiac
849.99
Insurance expense
4,026.96
Bad debt expense
3,016.70
Travel and entertainment
expense
10,071.48
Meal expense
4,022.94
*542 The parties have stipulated that the foregoing adjustments increased taxable income of petitioner and Hodges for 1976 by $23,257.81; that the understatement of tax liability attributable to the items is $18,074.16; and that those items are grossly erroneous items as defined in section 6013(e)(2), as amended. Respondent contends that petitioner is not entitled to relief *543 as an innocent spouse because the items are not "attributable to" Hodges; that petitioner knew or had reason to know that there was a substantial understatement of tax; that petitioner substantially benefitted from the understatement of tax, and it would not be inequitable to hold her liable for the deficiency in tax; and that petitioner failed to prove that the substantial underpayment of tax exceeded the required percentage of her adjusted gross income for 1979, which the parties have stipulated is the "preadjustment year" as defined in section 6013(e)(4)(C). SUPPLEMENTAL FINDINGS OF FACT On or about June 1, 1976, Hodges, d/b/a Lloyd L. Hodges Company (the business), was conducting his contract equipment sales business in Chicago, Illinois. During 1976, petitioner assisted Hodges in his business in Chicago. The books and records of the business were moved from San Diego, California, to Chicago. A business bank account was maintained at the First National Bank of East Chicago, and petitioner had signature authority on that bank account. Petitioner wrote checks on the bank account to pay household expenses and acquire groceries for use at the Chicago site. In 1976, petitioner *544 and Hodges purchased a residence in San Diego for approximately $250,000, with a downpayment of approximately $100,000. During 1976 or 1977, Hodges purchased two other parcels of real property in San Diego, a parcel of real property in Tulsa, Oklahoma, and a substantial amount of equipment in Saskatchewan, Canada. Petitioner was aware of each of these purchases at the time they occurred. When she signed the joint income tax return for 1976, petitioner did not determine whether the amounts of income reported or the amounts of expenses claimed on the return were correct. Petitioner was reluctant to sign the return because Hodges indicated that he did not intend to pay the reported tax due ($315,341.83). Hodges stated to petitioner that they were not going to pay the taxes and were going to take the money and go to Brazil. Shortly prior to the time that she signed the return, petitioner was injured, either in a fall or because she was struck by Hodges. Shortly after she signed the return, petitioner and Hodges separated. [3]
*545 In the judgment rendered in 1979 in the divorce action between petitioner and Hodges, in addition to the amounts set forth in our prior opinion (page 4), the California court awarded to petitioner a money judgment in the amount of $680,464 and spousal support in the amount of $3,400 per month, commencing on May 10, 1979, and to continue for 36 months, unless sooner terminated. Although petitioner received $12,000 or $14,000 cash subsequent to execution of that judgment, and although proceeds of sale of the San Diego residence amounting to $43,000 were applied to her income tax liabilities, a substantial amount of the award was uncollected through August 1985. Litigation between petitioner and Hodges continued at least through that time over the assets accumulated by them during their marriage. During 1979, petitioner continued to operate her model maintenance business. She had gross income from that business during 1979 of not less than $5,972.05 and net income of not less than $2,873.52. Petitioner did not file an income tax return for 1979. Each of the items now in dispute were deducted on the Schedule C of the 1976 return prepared for the contract equipment sales business. *546 The item disallowed for depreciation on a Cadillac related to an automobile purchased in 1976 and sometimes used by petitioner.The disallowed item relating to insurance was for life insurance on the life of Hodges. The item disallowed as a "bad debt" related to money advanced to or for petitioner's son. ULTIMATE FINDING OF FACT Taking into account all the facts and circumstances, it is not inequitable to hold petitioner liable for the deficiency in tax in issue. OPINION Section 6013(e)(1), as amended, provides as follows: (e) Spouse Relieved of Liability in Certain Cases.-- (1) In general.--Under regulations prescribed by the Secretary, if-- (A) a joint return has been made under this section for a taxable year, (B) on such return there is a substantial understatement of tax attributable to grossly erroneous items of one spouse, (C) the other spouse establishes that in signing the return he or she did not know, and had no reason to know, that there was such substantial understatement, and (D) taking into account all the facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such *547 substantial understatement, then the other spouse shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent such liability is attributable to such substantial understatement. [4]
Petitioner has the burden of showing that she meets each of the requirements of the above section. Welch v. Helvering,290 U.S. 111 (1933); Sonnenborn v. Commissioner,57 T.C. 373, 381-383 (1971); Rule 142(a), *548 Tax Court Rules of Practice and Procedure.
Petitioner contends that it would be inequitable to hold her responsible for the deficiency attributable to expenses claimed in relation to the contract equipment sales business operated by Hodges. She argues that she was prevented from having access to the books and records of the business from which the correct tax liability could have been determined and that she was not allowed to examine the 1976 return prior to signing it. She asserts that she has not collected the moneys that were awarded to her by the California court and that she did not benefit from the deductions claimed. She continues to insist that she signed the return only after she was beaten by Hodges. On consideration of the entire record, including the evidence presented on two separate occasions (June 8, 1984, and August 5, 1985), we conclude that the determinable facts and circumstances found here and in our prior opinion do not lead to the conclusion that it would be inequitable to hold petitioner liable for the deficiency attributable to deductions disallowed in relation to the contract equipment sales business. During the year in issue, petitioner participated *549 to some extent in the operation of that business. She had use of one or more of the vehicles on which depreciation was erroneously claimed, and she personally wrote checks on the business account for groceries and household expenses. The purported bad debt related to payments for her son. Petitioner has not shown that the items disallowed for meals and lodging and travel and entertainment were not related to personal expenses incurred by Hodges and petitioner. All of the deductions claimed were obviously intended to reduce the tax liability of the parties shown on the joint return, and if they had not been claimed, both petitioner and Hodges would have been liable for the correct amount of tax. Petitioner was well aware during 1976 that substantial funds were being expended on the purchase of real and personal property, as well as living expenses of Hodges and petitioner. When the parties were divorced in 1979, the California court's award of over $1 million to petitioner and her attorneys and accountants was based in part on that court's determination that the business was community property of petitioner and Hodges. In determining whether it is inequitable to hold petitioner *550 responsible for the items in issue, it is significant that petitioner was at least indifferent to her own compliance with the income tax laws.She conceded that in 1976 she had unreported income of $9,916.54 from her own model maintenance business and that in 1979 she did not file a tax return reporting income from that business. Her admitted gross receipts from the business were sufficient to require the filing of a return during that year. Section 6012(a)(1)(A)(i). Yet, she offered no excuse for her failure to comply with her own obligations. Moreover, we are not persuaded by her testimony that in 1979 she survived on net income from her business of $2,873.52 plus a $16,000 loan received from her motheron some prior occasion.The testimony is vague, uncorroborated, and improbable. Although our determination that it is not inequitable to hold petitioner liable for the items in dispute is dispositive of the issue herein, we also find on this record that petitioner has not met other requirements of section 6013(e)(1). Because of their joint involvement in operating the contract sales equipment business, we conclude that the erroneous items are "attributable to" both petitioner *551 and Hodges. Moreover, in view of petitioner's disbursement of business funds for personal purposes, we conclude that she had reason to know that improper deductions were claimed and that there was be a substantial understatement of tax on the return prepared at the instance of Hodges. Section 6013(e)(1)(C). She certainly has not satisfied her burden of persuading us otherwise. To take into account the effect of a stipulation filed herein August 4, 1983, Decision will be entered under Rule 155.
Footnotes
1. In footnote 2 of our Memorandum Findings of Fact and Opinion, T.C. Memo. 1985-56↩, we chastised petitioner for raising an issue for the first time in her opening brief. We were in error. The question of whether a certain business was or was not community property was raised during a colloquy between counsel for both parties at the commencement of trial on the duress issue. Respondent's counsel then took the position that, if petitioner were to prevail on the issue of duress, respondent would pursue the alternative contention that there was a deficiency in tax due from petitioner on her income during 1976, including community property income. 2. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue.↩
3. As indicated in our prior opinion, T.C. Memo. 1985-56↩, the evidence is conflicting as to how petitioner's injuries occurred. Our decision that the return was not executed under duress, for reasons stated in that opinion, would be the same even if we assumed that Hodges struck petitioner. The fact of her injury, from whatever source, is material to the question of whether she had actual knowledge of the erroneous items on the return.
4. The parties also disagree as to whether petitioner has proven that she satisfies the requirements of section 6013(e)(4), which provides in part: (A) Adjusted gross income of $20,000 or less.--If the spouse's adjusted gross income for the preadjustment year is $20,000 or less, this subsection shall apply only if the liability described in paragraph (1) is greater than 10 percent of such adjusted gross income. (B) Adjusted gross income of more than $20,000.--If the spouse's adjusted gross income for the preadjustment year is more than $20,000, subparagraph (A) shall be applied by substituting "25 percent" for "10 percent." In view of our holding, we need not resolve this dispute.↩